**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CONDITIONED OCULAR ENHANCEMENT, INC. and FASTTRACK BASEBALL CORPORATION, | ) ) ) | No. 05 C 2153 |
| | ) | |
| Plaintiffs, | ) | Honorable James B. Zagel |
| | ) | |
| vs. | ) | Magistrate Judge Levin |
| | ) | |
| MICHAEL BONAVENTURA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THOMAS DAVIDSON'S FOURTH AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

**ANSWERS**

Defendant Thomas Davidson ("defendant" or "Davidson"), by his attorneys, answers the complaint of plaintiffs Conditioned Ocular Enhancement, Inc. ("COE") and FastTrack Baseball Corporation ("FastTrack") (collectively "plaintiffs"). Defendant Davidson denies each and every allegation of the complaint, except to the extent expressly admitted or qualified below, as follows:

**Parties, Jurisdiction and Venue**

1.      Plaintiff Conditioned Ocular Enhancement, Inc. ("COE") is an Illinois corporation with its principal place of business located in Shorewood, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the complaint, and on that basis denies those allegations.

2.       COE is the holder by assignment of patent No. 6,447,408 (referred to herein as the "408 Patent" or the "Patent"), entitled Ocular Enhancement Training System (the "System"). A true and accurate copy of the Patent is attached hereto as Exhibit A.

**ANSWER:** The allegations and averments made in Paragraph 2 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations contained in Paragraph 2 of the complaint, except that it admits a true and correct copy of U.S. patent No. 6,447,408 entitled, "Ocular Enhancement Training System" (the " '408 patent") is attached to the complaint as Exhibit A.

3.       The System consists of a vision training method as described in the '408 Patent, and it is used to train the eye of amateur and professional athletes to condition their vision and thereby improve their performance.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the complaint, and on that basis denies those allegations.

4.       The Patent was issued on September 10, 2002, to defendant Michael Bonaventura, the inventor, and then subsequently assigned to COE on October 24, 2003.

**ANSWER:** The allegations and averments made in Paragraph 4 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 4 of the complaint, except that it is admitted that the '408 patent was issued on September 10, 2002 to Michael Bonaventura, the only named inventor.

5.      COE recorded the patent assignment in the United States Patent and Trademark Office ("PTO") on February 7, 2004. A true and accurate copy of the Patent Assignment is attached hereto as Exhibit B.

**ANSWER:** The allegations and averments made in Paragraph 5 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of paragraph 5 of the complaint, except that it is admitted that a copy of a purported assignment of the '408 patent is attached to the complaint as Exhibit B.

6.      Plaintiff FastTrack Baseball Corporation ("FastTrack") is an Illinois corporation with its principal place of business in Shorewood, Illinois. FastTrak is the official licensee of the patented System. FastTrack certifies and contracts with individuals to work as certified trainers of the System, and it provides training for professional, amateur and collegiate athletes with the system.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the complaint and on that basis denies those allegations. Further, the allegations and averments made in Paragraph 6 of the complaint are legal conclusions which require no response.

7.      Defendant Michael Bonaventura, an individual, is an Illinois resident who lives in Golf, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the complaint and on that basis denies those allegations.

8.      Defendant Jill Bonaventura, an individual, is an Illinois resident who lives in Golf, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the complaint and on that basis denies those allegations.

9.      Defendant Craig Hallgren, an individual, is an Illinois resident who lives in Chicago, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the complaint and on that basis denies those allegations.

10.      Defendant Thomas Davidson, an individual, lives in the Seattle, Washington area.

**ANSWER:** Admitted.

11.      Defendant Chi-Town Express ("Chi-Town") is an Illinois corporation with its principal place of business in Burr Ridge, Illinois, and its registered agent in Chicago, Illinois. Chi-Town is a training facility for girls fast-pitch softball.

**ANSWER:** The allegations and averments of Paragraph 11 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature, defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the complaint and on that basis denies those allegations.

12.      This is an action for (i) patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, see Counts II-V; (ii) patent assignment rights under the Patent Laws of the United States, Title 35 of the United States Code, see Count I; (iii) Lanham Act Violations under 15 U.S.C. § 1125, see Count VII; and (iv) a pendant breach of contract claim against defendant Hallgren, see Count VI.

**ANSWER:** The allegations and averments of paragraph 12 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 12 of the complaint, except that it is admitted that patent infringement suits do arise under 3 5 U.S.C. §271 *et seq.*

13.     This Court has subject matter jurisdiction over the patent infringement claims and patent assignments pursuant to 28 U.S.C. §§ 1331 and 1338(a) or, alternatively, over the patent assignment claims pursuant to 28 U.S.C. § 1367(a); the Lanham Act claims pursuant to 28 USC § 1331 and 15 USC § 1121(a); and the patent contract claim pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** The allegations and averments of Paragraph 13 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 13 of the complaint, except that it is admitted that this Court has jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331,1332, and 1338(a).

14.     This Court has personal jurisdiction over the defendants because, among other things, the defendants have infringed or actively induced others to infringe COE's Patent rights in this district.

**ANSWER:** The allegations and averments of Paragraph 14 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 14 of the complaint, except that it is admitted that this Court has personal jurisdiction over defendant Davidson.

15.     Venue is proper in this Court under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the

defendants have committed acts of infringement or have actively induced others to infringe

COE's Patent rights in this district.

**ANSWER:** The allegations and averments of Paragraph 15 of the complaint are legal

conclusions which require no response. To the extent such allegations are factual in nature

defendant denies the allegations of Paragraph 15 of the complaint, except that it is admitted that

venue is proper in this Court under 28 U.S.C. § 1391(b).

### Facts

16.     The System provides unique vision training for athletes in sports or games in

which an object is projected towards the player at a normal velocity range. Depending on the

application of the training method, the normal range of velocity for the projected object in the

game is determined. An apparatus is provided for projecting the object at a velocity greater than

the normal velocity range. The object is projected towards the player at the velocity greater than

the normal velocity range. This routine is repeated to improve ocular conditioning and physical

objects of the game.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as

to the allegations of Paragraph 16 of the complaint and on that basis denies those allegations,

except that it is admitted that the preamble of claim 1 of the '408 patent recites in part, "[a]

method for providing ocular enhancement for training a player of a game in which an object is

projected towards the player at a predetermined first velocity range to increase the ocular focus

of the player, the method being performed in a single training session...".

17.     The terms "Conditioned Ocular Enhancement" and "COE" are terms or art that

describe the System, that are suggestive of the System and/or that have become closely

associated with the System.

**ANSWER:** Defendant is without knowledge or sufficient information to form a belief as to the allegations of Paragraph 17 of the complaint and on that basis denies those allegations, except that it is admitted that the phrase "conditioned ocular enhancement" has been used to describe a method such as is recited in one or more claims of the '408 patent.

18.     The System was first marketed in 1998, before the Patent issued, and since its inception it has been referred to as Conditioned Ocular Enhancement Training or COE.

**ANSWER:** Defendant is without knowledge or sufficient information to form a belief as to the allegations of Paragraph 18 of the complaint and on that basis denies those allegations.

19.     The '408 Patent was assigned to Plaintiff COE on October 24, 2003, for good and valuable consideration.

**ANSWER:** The allegations and averments in Paragraph 19 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 19 of the complaint.

20.     On or around February 7, 2004, Plaintiff COE recorded the assignment with the United States Patent and Trademark Office.

**ANSWER:** The allegations and averments in Paragraph 20 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 20 of the complaint.

21.     Pursuant to that assignment, plaintiff COE is the sole owner of all rights, title and interest in and to the '408 Patent and the System described therein.

**ANSWER:** The allegations and averments in Paragraph 21 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 21 of the complaint.

22.     Plaintiff CEO has invested time, effort and money in marketing the System to professional and amateur athletes around the country, and in developing relationships with professional and amateur athletes and athletic organizations.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the complaint and on that basis denies those allegations.

23.     Plaintiff COE also has expended time and money building the market value, reputation and goodwill of the System and the '408 Patent, and working with other industries to grow the business.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 of the complaint and on that basis denies those allegations.

24.     Since obtaining the Patent by assignment, plaintiff COE has used the '408 Patent and the System continuously, including through its training facility in Wheeling, Illinois, where it offers baseball and softball players of all levels the opportunity to train on the System.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 of the complaint and on that basis denies those allegations.

25.     Working with FastTrack as the official licensee, COE also has marketed and used the system with professional and amateur athletes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 of the complaint and on that basis denies those allegations.

26.     For example, FastTrack has used the system to train the Chicago Cubs, Oakland A's Cleveland Indians, Kansas City Royals, Seattle Mariners, and New York Mets. FastTrack also has trained the U.S. Olympic Softball Team, and various college programs and amateur athletes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the complaint and on that basis denies those allegations.

27.     Plaintiff FastTrack trains and then contracts with certified COE Trainers and, in so doing, is able to control the quality and professionalism of the trainers which, in turn, helps promote the good name and good reputation of the System.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 of the complaint and on that basis denies those allegations.

28.     Plaintiff has recently learned that the Chi-Town facility in Burr Ridge, Illinois, is training players by using the patented System, and is holding itself out as the only facility in the area that provides the patented COE training. Plaintiff has further learned that Chi-Town has been working with defendants Michael Bonaventura, Davidson and Hallgren in setting up and using the System.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the complaint and on that basis denies those allegations, and it is specifically denied that defendant Davidson has at any time worked with defendant Chi-Town.

## <u>Count I</u>

### <u>(Declaratory Judgment Against the Bonaventura Defendants)</u>

29.     Plaintiff COE incorporates paragraphs 1-28 as if fully stated herein.

**ANSWER**: The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

30.     At the time the Patent was assigned to COE, the assignor, Michael Bonaventura, represented and warranted that he had the right, power and authority to enter into the assignment, and that he was the exclusive owner of the Patent.

**ANSWER**: The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

31.     Consistent with the provisions of 35 U.S.C. § 261, plaintiff COE recorded the Patent Assignment.

**ANSWER**: The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

32.     Subsequent thereto, on December 14, 2004, counsel for Michael Bonaventura faxed a copy of a purported prior assignment of an interest in the Patent from Michael Bonaventura to his wife, defendant Jill Bonaventura. The purported assignment was not signed, and the handwritten fax cover page stated:

> Brian and Brent - to my surprise - this surfaced over the weekend. Jill Bonaventura is obtaining the original of this document from her attorney. The executed date is in 2002, shortly after the patent was issued. I'll call you.

*See* Exhibit C.

**ANSWER**: The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

33.     The purported assignment from Michael Bonaventura to his wife was never recorded with the PTO.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

34.     Pursuant to 35 U.S.C. § 261, because they never recorded their purported assignment, the assignment from Michael Bonaventura to Jill Bonaventura is void as against plaintiff COE. Section § 261 provides:

> An assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent

and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

35.     Despite Section 261, defendants Michael and Jill Bonaventura have taken the position that their assignment should be honored.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

36.     A dispute has thus arisen as to the parties' assignment rights under 35 U.S.C. § 261, and this is a dispute concerning rights under a specific federal patent statute.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

37.     There is an actual controversy concerning the parties' rights under 35 U.S.C. § 261 that the Court should resolve by way of declaratory relief under 28 U.S.C. § 2201.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

**WHEREFORE**, plaintiff COE respectfully requests that this Court enter an order as follows:

A.     Declaring that COE holds all rights, title and interest in the Patent and the System through the Assignment;

B.     Declaring that the claimed prior assignment from Michael Bonaventura to Jill Bonaventura, having never been recorded, is void pursuant to 35 U.S.C. § 261;

C.     Enjoining defendants Michael and Jill Bonaventura and their agents, servants, employees, affiliated companies and all others acting in concert or participating with them from

directly or indirectly infringing the Patent or using the Patent or the System, or from actively

inducing or assisting others to infringe the Patent or use the Patent or the System;

D.     Award plaintiff COE its fees and costs associated with this action; and

E.     Providing for such other and farther relief as is deemed to be just and proper.

**ANSWER**: The allegations in the preceding request for relief are not relevant to nor do

they pertain to Defendant Davidson. To the extent a response is required to plaintiffs' prayer for

relief in parts A-E above, defendant denies any allegations made therein.


## Count II

### (Patent Infringement Against Michael Bonaventura)

38.     Plaintiff COE incorporates paragraphs 1-28 as if fully stated herein.

**ANSWER**: The allegations in this paragraph are not relevant to nor do they pertain to

Defendant Davidson.

39.     As admitted in the April 8, 2005 letter from his counsel, defendant Michael

Bonaventura has actively assisted with the installation of certain equipment at the Chi-Town

Express facility, and is considering using the System to train Major League Baseball players. *See*

Exhibit D.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to

Defendant Davidson.

40.     As indicated on Chi-Town's website, defendant Michael Bonaventura was at the

Chi-Town facility on March 31, 2005, and was working with Chi-Town in using the System at

that facility. *See* Exhibit E.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to

Defendant Davidson.

41.     The equipment that defendant Michael Bonaventura, helped install at Chi-Town has been and is being used to train athletes using the System.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

42.     Defendant Michael Bonaventura assisted with the installation of equipment at Chi-Town with full knowledge and intentions that it would be used to train athletes using the System, that the System is the subject of a lawfully issued Patent, and that he-Michael Bonaventura-assigned the '408 patent and all right thereto to plaintiff COE.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

43.     The acts of inducement and/or the direct acts of infringement by defendant Michael Bonaventura and the resulting infringement have caused and continue to cause damage to the business, reputation and goodwill of plaintiff COE, and have caused and continue to cause confusion in the marketplace.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

44.     The acts of inducement and/or infringement by defendant Michael Bonaventura have been made with full knowledge of plaintiff COE's rights in the Patent. Such acts constitute willful and deliberate infringement, entitling plaintiff COE to enhanced damages and reasonable attorneys' fees.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

45. Plaintiff COE will continue to suffer irreparable damage unless defendant Michael Bonaventura's unlawful infringing activities are enjoined by this Court.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

**WHEREFORE**, plaintiff COE respectfully requests that this Court enter an order as follows:

A. Declaring that COE holds all rights, title and interest in the Patent and the System through the Assignment;

B. Declaring that the claimed prior assignment from Michael Bonaventura to Jill Bonaventura, having never been recorded, is void pursuant to 35 U.S.C. § 261;

C. Declaring that defendant Michael Bonaventura has infringed the Patent as alleged herein;

D. Declaring that defendant Michael Bonaventura's infringement is and has been willful;

E. Enjoining defendant Michael Bonaventura, and his agents, servants, employees, employers, affiliated companies and all others acting in concert or participating with him from directly or indirectly infringing the Patent or using the Patent or the System, or from actively inducing or assisting others to infringe the Patent or use the Patent or the System;

F. Awarding plaintiff COE actual damages, not less than a reasonable royalty for defendant Michael Bonaventura's infringement, plus interest (pre- and post-judgment, as allowed by law);

G.      Awarding plaintiff COE treble the amount of losses and damages it has suffered as a result of the willful, knowing and wanton nature of defendant Michael Bonaventura's conduct;

H.      Awarding plaintiff COE its fees and costs associated with this action; and

I.      Providing for such other and further relief as is deemed to be just and proper.

**ANSWER:** The allegations in the preceding request for relief are not relevant to nor do they pertain to Defendant Davidson. To the extent a response is required to plaintiffs' prayer for relief in parts A-I above, defendant denies any allegations made therein.

<u>**Count III**</u>

**(Patent Infringement Against Davidson)**

46.      Plaintiff COE incorporates paragraphs 1-28 as if fully stated herein.

**ANSWER:** Defendant incorporates his answers to Paragraphs 1 through 45 of the complaint as if fully stated herein.

47.      Defendant Davidson previously provided training using the System, prior to the time the Patent was assigned to the plaintiff.

**ANSWER:** Denied.

48.      On or around October 30, 2004, and prior thereto, defendant Davidson was advised that the patent had been assigned by defendant Michael Bonaventura to plaintiff COE.

**ANSWER:** Denied.

49.      As admitted in the April 8, 2005 letter from attorney Daniel P. Hogan, Davidson has requested the assistance of defendant Michael Bonaventura in installing certain equipment at the Chi-Town Express facility.

**ANSWER:** Denied.

50.     That equipment has been and is being used by Chi-Town to train athletes using the System, and defendant Davidson knew and intended that the equipment would be used for that purpose.

**ANSWER:** Denied.

51.     Defendant Davidson has assisted with the installation of equipment and the use of the System at Chi-Town with full knowledge that the System is the subject of a lawfully issued Patent, and with full knowledge that the Patent has been assigned to plaintiff COE.

**ANSWER:** Denied.

52.     The acts of inducement and/or the direct acts of infringement by defendant Davidson have caused and continue to cause damage to the business, reputation and goodwill of plaintiff COE, and have caused and continue to cause confusion in the marketplace.

**ANSWER:** The allegations and averments of Paragraph 52 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 52 of the complaint.

53.     The acts of inducement and/or the direct acts of infringement by defendant Davidson have been made with full knowledge of plaintiff COE's rights in the Patent. Such acts constitute willful and deliberate infringement, entitling plaintiff COE to enhanced damages and reasonable attorney's fees.

**ANSWER:** The allegations and averments of Paragraph 53 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 53 of the complaint.

54.     Plaintiff COE will continue to suffer irreparable damage unless defendant Davidson's unlawful infringing activities are enjoined by this Court.

**ANSWER:** The allegations and averments of Paragraph 54 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 54 of the complaint.

WHEREFORE, plaintiff COE respectfully requests that this Court enter an order as follows:

A. Declaring that COE holds all rights, title and interest in the Patent and the System through the Assignment;

B. Declaring that defendant Davidson has infringed the Patent as alleged herein;

C. Declaring that defendant Davidson's infringement is and has been willful;

D. Enjoining defendant Davidson and his agents, servants, employees, employers, affiliated companies and all others acting in concert or participating with him from directly or indirectly infringing the Patent or using the patent or the System, or from actively inducing or assisting others to infringe the Patent or use the Patent or the System;

E. Award plaintiff COE actual damages, not less than a reasonable royalty for defendant Davidson's infringement, plus interest (pre- and post- judgement, as allowed by law);

F. Awarding plaintiff COE treble the amount of losses and damages it has suffered as a result of the willful, knowing and wanton nature of defendant Davidson's conduct;

G. Awarding plaintiff COE its fees and costs associated with this action; and

H. Providing for such other and further relief as is deemed to be just and proper.

**ANSWER:** To the extent a response is required to plaintiffs' prayer for relief in parts A.- H. above, defendant denies any allegations made therein.

## **Count IV**

### **(Patent Infringement Against Chi-Town)**

55. Plaintiff COE incorporates paragraphs 1-28 as if fully stated herein.

**ANSWER**: The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

56.     Defendant Chi-Town is a girls' fast-pitch softball organization located in Burr Ridge, Illinois.

**ANSWER**: The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

57.     In and around the fall of 2004, defendant Chi-Town contacted plaintiff COE about obtaining a license to use the System, but defendant Chi-Town never obtained any such license.

**ANSWER**: The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

58.     Nevertheless, defendant Chi-Town is directly and intentionally infringing the '408 Patent by using and making the System available to its customers, and Chi-Town has intentionally induced defendants Bonaventura, Davidson and Hallgren to use the System in violation of the Patent by making its facility available for their use and for that purpose.

**ANSWER:** Defendant Davidson denies he ever used the System in violation of the Patent. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 58 of the complaint and on that basis denies those allegations.

59.     Defendant Chi-Town has boasted on its website that is has added the same patented COE System to its facility, and that the COE System it is using is the same as the used by Major League Baseball players and the U.S. Olympic Softball Team. *See* Exhibit F.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

60. Defendant Chi-Town has posted comments within its website that it is "the only facility in this area to have the in demand and patented COE Vision Training for hitters ... Same technology use by most major leaguers and the 2004 Olympic Softball Team." *See* Exhibit G.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

61. Chi-Town's website specifically identifies Hallgren as its "vision trainer." *Id.* at 2.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

62. Chi-Town's website further states that "Dr. Bonaventura, who developed the COE Training, was in our facility yesterday [March 30, 2005] and is excited to be working with us." *See* Exhibit E. (emphasis added).

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

63. Chi-Town is using the System that is the subject of the '408 Patent, and Chi-Town is inducing defendant Hallgren and/or Davidson to use the System at its facility. Defendant Chi-Town is doing so with full knowledge that the System is the subject of a Patent and that the patent has been assigned to plaintiff COE.

**ANSWER:** Defendant Davidson denies all allegations in Paragraph 63 of the complaint that pertain to Defendant Davidson, including but not limited to the allegation that defendant Davidson has at any time worked with defendant Chi-Town. Defendant is without knowledge or

information sufficient to form a belief as to the remaining allegations of Paragraph 63 of the complaint and on that basis denies those allegations.

64.     Chi-Town has caused and continues to cause damage to the business, reputation and goodwill of plaintiff COE, and has caused and continues to cause confusion in the marketplace.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

65.     The acts of inducement and/or the direct acts of infringement by defendant Chi-Town have been made with full knowledge of plaintiff COE's rights in the Patent. Such acts constitute willful and deliberate infringement, entitling plaintiff COE to enhanced damages and reasonable attorneys' fees.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

66.     Plaintiff COE will continue to suffer irreparable damage unless defendant Chi-Town's unlawful infringing activities are enjoined by this Court.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

**WHEREFORE**, plaintiff COE respectfully requests that this Court enter an order as follows:

A.     Declaring that COE holds all rights, title and interest in the Patent and the System through the Assignment;

B.     Declaring that defendant Chi-Town has infringed the Patent as alleged herein;

C.     Declaring that defendant Chi-Town's infringement is and has been willful;

D.      Enjoining defendant Chi-Town and its agents, servants, employees, employers, affiliated companies and all others acting in concert or participating with it from directly or indirectly infringing the Patent or using the Patent or the System, or from actively inducing or assisting others to infringe the Patent or use the Patent or the System;

E.      Awarding plaintiff COE actual damages, not less than a reasonable royalty for defendant Chi-Town's infringement, plus interest (pre- and post-judgment, as allowed by law);

F.      Awarding plaintiff COE treble the amount of losses and damages it has suffered as a result of the willful, knowing and wanton nature of defendant Chi-Town's conduct;

G.      Awarding plaintiff COE its fees and costs associated with this action; and

H.      Providing for such other and further relief as is deemed to be just and proper.

**ANSWER**:To the extent a response is required to plaintiffs' prayer for relief in parts A.- H. above, defendant denies any allegations made therein.

## <u>Count V</u>

### (Patent Infringement Against Hallgren)

67.      Plaintiff COE incorporates paragraphs 1-28 as if fully stated herein.

**ANSWER**:The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

68.      Defendant Hallgren worked as a trainer for plaintiff FastTrack from February 28, 2004, until he resigned on February 26, 2005.

**ANSWER**:The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

69.      As indicated on Chi-Town's website, Hallgren is now working as a trainer at Chi-Town, and he is knowingly and intentionally using the System to train people at that facility.

**ANSWER**: The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

70.     Defendant Hallgren has used the System at Chi-Town with full knowledge that the System is the subject of a lawfully issued Patent, and with full knowledge that the Patent has been assigned to plaintiff COE.

**ANSWER**:The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

71.     Defendant Hallgren also has, by making his services available to Chi-Town, knowingly induced defendant Chi-Town to use the System.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

72.     The acts of inducement and/or direct infringement by defendant Hallgren have caused and continue to cause damage to the business, reputation and goodwill of plaintiff COE, and have caused and continue to cause confusion in the marketplace.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

73.     The acts of inducement and/or the direct acts of infringement by defendant Hallgren have been made with full knowledge of plaintiff COE's rights in the Patent. Such acts constitute willful and deliberate infringement, entitling plaintiff COE to enhanced damages and reasonable attorneys' fees.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

74. Plaintiff COE will continue to suffer irreparable damage unless defendant Hallgren's unlawful infringing activities are enjoined by this Court.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

WHEREFORE, plaintiff COE respectfully requests that this Court enter and order as follows:

A. Declaring that COE holds all rights, title and interest in the Patent and the System through the Assignment;

B. Declaring that defendant Hallgren has infringed the Patent as alleged herein;

C. Declaring that defendant Hallgren's infringement is and has been willful;

D. Enjoining defendant Hallgren and its agents, servants, employees, employers, affiliated companies and all others acting in concert or participating with it from directly or indirectly infringing the Patent or using the Patent or the System, or from actively inducing or assisting others to infringe the Patent or use the Patent or the System;

E. Awarding plaintiff COE actual damages, not less than a reasonable royalty for defendant Hallgren's infringement, plus interest (pre- and post-judgment, as allowed by law);

F. Awarding plaintiff COE treble the amount of losses and damages it has suffered as a result of the willful, knowing and wanton nature of defendant Hallgren's conduct;

G. Awarding plaintiff COE its fees and costs associated with this action; and

H. Providing for such other and further relief as is deemed to be just and proper.

**ANSWER:** To the extent a response is required to plaintiffs' prayer for relief in parts A. - H. above, defendant denies any allegations made therein.

## Count VI

### (Breach of Contract Against Hallgren)

75.     Plaintiff COE incorporates paragraphs 1-28 as if fully stated herein.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

76.     On February 28, 2004, defendant Hallgren executed the following documents with FastTrack: (i) FastTrack Pro Vision Trainer Agreement, *see* Exhibit H (ii) FastTrack Pro Trainer Policies and Procedures for the 2004 Baseball Season, *see* Exhibit I; (iii) FastTrack COE Certified Pro Trainers: *"Our policy is Professionalism," see* Exhibit J; and (iv) Confidentiality and Non-Compete Agreement, *see* Exhibit K**.**

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

77.     Pursuant to paragraph 9 of the Confidentiality & Non-Compete Agreement, defendant Hallgren agreed as follows:

> TRAINER [Hallgren] agrees upon termination of this Agreement for any reason, TRAINER will not for a period of two (2) years, as measured from the date of termination: (a) directly or indirectly engage in competition with COMPANY under circumstances in which TRAINER may reasonably be expected to call upon, refer to, or use any Trade Secrets, Confidential Information, or Intellectual Property; (b) pursue and/or take any employment with any company or entity which directly or indirectly competes with COMPANY in a capacity in which the TRAINER may reasonably be expected to call upon, refer to, or use any Trade Secrets, Confidential Information, or Intellectual Property; or, (c) receive compensation from any company or entity which directly or indirectly competes with COMPANY in exchange for any portion of COMPANY's Trade Secrets, Confidential Information, or Intellectual Property. TRAINER acknowledges that these restrictions are both necessary and reasonable for the protection of COMPANY.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

78.     Defendant Hallgren further agreed that, in the event of a breach of the Confidentiality & Non-Solicitation Agreement, FastTrack would be entitled-in addition to any other remedies available to it-to an action for injunctive relief. *See* Exhibit K ¶ 10.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

79.     FastTrack has performed all of the obligations required of it under the Confidentiality & Non-Solicitation Agreement.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

80.     The Provisions of paragraph 9 of the Confidentiality & Non-Solicitation Agreement are reasonably necessary to protect plaintiff FastTrack's interest is its confidential information, including its license to use the System, and it is reasonably limited in time to two years. Paragraph 9 is further limited in that it prohibits defendant Hallgren only from engaging in competition that would require him to use plaintiffs' confidential information.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

81.     By using the System to train people at Chi-Town, defendant Hallgren has breached and is breaching Paragraphs 6 and 9 of the Confidentiality & Non-Solicitation Agreement.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

82.     As a direct and proximate result of defendant Hallgren's wrongful conduct, plaintiff FastTrack has suffered and continues to suffer damage to its business, reputation and goodwill.

**ANSWER:** The allegations in this paragraph are not relevant to nor do they pertain to Defendant Davidson.

WHEREFORE, plaintiff FastTrack respectfully requests that this Court enter an order as follows:

A.     Finding and declaring that defendant Hallgren has breached his contract with FastTrack as alleged herein;

B.     Enjoining defendant Hallgren and his agents, servants, employees, employers, affiliated companies and all others acting in concert or participating with him from directly or indirectly infringing the Patent or using the Patent or the System or any of plaintiffs' confidential information, or from actively inducing or assisting others to infringe the Patent or use the Patent or the System or any of plaintiffs' confidential information;

C.     Awarding plaintiff FastTrack actual damages cause by defendant Hallgren's breach;

G.     Awarding plaintiff FastTrack its fees and costs associated with this action; and

H.     Providing for such other and further relief as is deemed to be just and proper.

**ANSWER**: To the extent a response is required to plaintiffs' prayer for relief in parts A, B, C, G, and H above, defendant denies any allegations made therein

<u>**Count VII**</u>

**(Lanham Act)**

83.     Plaintiff COE incorporates paragraphs 1-28 as if fully stated herein.

**ANSWER**: Defendant incorporates his answers to Paragraphs 1 through 82 of the complaint as if fully stated herein.

84. The terms Conditioned Ocular Enhancement and COE are terms of art that are inherently distinctive and suggestive of the System. Alternatively, those terms are descriptive of the System and have become so closely associated with and distinctive to the System that consumers and potential consumers associate those terms with the System.

**ANSWER**: The allegations and averments of Paragraph 84 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 84 of the complaint.

85. The terms Conditioned Ocular Enhancement and COE are subject to protection under 15 U.S.C. § 1125.

**ANSWER:** The allegations and averments of Paragraph 85 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant denies the allegations of Paragraph 85 of the complaint.

86. Defendants, and each of them, have used and are using the terms Conditioned Ocular Enhancement and/or COE to attract business and derive income for themselves.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 86 of the complaint as directed to co-defendants named in the complaint, and on that basis denies those allegations, and defendant specifically denies those allegations of Paragraph 86 directed to him.

87. By using the terms identified herein, the Defendants have been engaged in unfair trade practices and unfair competition against Plaintiffs and Plaintiffs are suffering irreparable damages as a result.

**ANSWER:** The allegations and averments of Paragraph 87 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 87 of the complaint as directed to co-defendants named in the complaint, and on that basis denies those allegations, and defendant specifically denies those allegations of Paragraph 87 directed to him.

88.     Defendants have created confusion in the marketplace and have diluted and win dilute the value to the Plaintiff of the terms that have become associated with the System.

**ANSWER:** The Allegations and averments of Paragraph 88 of the complaint are legal conclusions which require no response. To the extent such allegations are factual in nature defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 88 of the complaint as directed to co-defendants named in the complaint, and on that basis denies those allegations, and defendant specifically denies those allegations of Paragraph 88 directed to him.

WHEREFORE, plaintiff COE respectfully requests that this Court enter an order as follows:

A.     Enjoining defendants, and each of them, and their agents, servants, employees, employers, affiliated companies and all others acting in concert or participating with them from using or referring to the System, the Patent or the terms Conditioned Ocular Enhancement or COE in describing their training systems, methods or facilities;

B.     Award plaintiff COE actual damages for defendants unlawful use of terms Conditioned Ocular Enhancement or COE, plus interest (pre- and post-judgment, as allowed by law);

C. Award plaintiff COE defendants' profits, plus treble the amount of losses and damages it has suffered as a result of defendants' wrongful conduct;

D. Awarding plaintiff COE its fees and costs associated with this action; and

E. Providing for such other and further relief as is deemed to be just and proper.

**ANSWER:** To the extent a response is required to plaintiffs' prayer for relief in parts A. - E. above, defendant denies any allegations made therein.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**First Affirmative Defense:**</u>

Upon information and belief, Defendant Davidson has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '408 patent.

<u>**Second Affirmative Defense:**</u>

Upon information and belief, the '408 patent is invalid and unenforceable for failure to comply with the provisions of 35 U.S.C. § 102(a), (b) and (f), in that (a) the invention recited in the claims of the '408 patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for the '408 patent, and/or (b) the invention recited in the claims of the '408 patent was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for the '408 patent in the United States, and/or (f) the applicant of the '408 patent did not himself invent the subject matter sought to be patented in the '408 patent; for failure to comply with the provisions of 35 U.S.C. § 103 in that the subject matter as a whole recited in the claims of the '408 patent would have been obvious at the time the inventive claimed subject matter was made to a person having ordinary

skill in the art to which said subject matter pertains; and/or for failure to comply with the provisions of 35 U.S.C. § 112, first and second paragraphs.

**Third Affirmative Defense:**

The '408 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office in that during prosecution of the application from which the '408 patent issued patentee and/or patentee's representative intentionally misrepresented to the patent examiner that no new matter was added while submitting amendments to the claims, and while new matter with respect to the critical limitation that the claimed method must be practiced in a single "session" was in fact added, and which misrepresentations were relied on, as intended by patentee and/or patentee's representative, by the examiner in improperly allowing the issuance of the '408 patent.

**Fourth Affirmative Defense:**

The '408 patent is invalid and unenforceable under 35 U.S.C. §§ 102, 112 and 132(a) because new matter was introduced into the claims by patentee and/or patentee's representative by amendment during prosecution of the application for the '408 patent.

**Fifth Affirmative Defense:**

Upon information and belief, the '408 patent is unenforceable under the doctrine of laches, in that Plaintiff COE, the alleged patent holder, while having knowledge of defendant Davidson's activities alleged to be covered by the claims of the '408 patent, delayed in bringing suit from the time COE purportedly received an assignment of the '408 patent, and that such delay was unreasonable and inexcusable, and as a consequence Davidson has suffered material prejudice including economic harm, as Davidson was led to believe by plaintiff's delay that plaintiff would not object to his conduct and activities with respect to the '408 patent.

**<u>Sixth Affirmative Defense:</u>**

Upon information and belief, the '408 patent is unenforceable under the doctrine of estoppel, in that Plaintiff COE, the alleged patent holder, by and through COE's conduct and other activities, and/or the conduct and other activities of COE's agents and representatives, including written and oral communications to Davidson, while having knowledge of Davidson's activities alleged to be covered by the claims of the '408 patent, affirmatively communicated to Davidson that COE would not enforce its patent rights against Davidson, and that Davidson subsequently relied on Plaintiff's activities and conduct to his detriment and material prejudice, including economic harm.

**<u>Seventh Affirmative Defense:</u>**

Upon information and belief, the '408 patent is invalid and unenforceable due to incorrect inventorship, as parties other than the named inventor, inclusive of defendant Thomas Davidson, contributed to the subject matter recited in the claims of the '408 patent.

**<u>Eighth Affirmative Defense:</u>**

Plaintiff Fast Track Baseball Corporation does not have standing to bring suit on the '408 patent, as this Plaintiff at the time of filing suit was not an exclusive licensee of the '408 patent.

**<u>Ninth Affirmative Defense:</u>**

Defendant Davidson has a license to make, have made, use and sell the subject matter recited in the claims of the '408 patent.

**<u>Tenth Affirmative Defense:</u>**

Plaintiffs' causes of action against Davidson, each of them, fail to state a claim upon which relief can be granted.

**Eleventh Affirmative Defense:**

Upon information and belief, the '408 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office in that patentee and/or patentee's representative intentionally and knowingly withheld from the patent examiner assigned to the examination of the application from which the '408 patent issued material prior art with respect to conventional ocular enhancement methodology and related batting practices, some employing pitching machines, wherein a number of balls or objects are pitched or projected toward a batter at a first velocity, followed by a number of objects or balls pitched or projected at a second increased velocity and/or then followed by a number of objects or balls pitched or projected at a third decreased velocity, which material prior art anticipates and/or renders obvious the subject matter claimed in the '408 patent, and which intentional omission was relied on by the examiner, as intended by patentee and/or patentee's representative, in improperly allowing issuance of the 408 patent, and/or patentee and/or patentee's representative intentionally misrepresented to the examiner during prosecution of the '408 patent application the true state of such prior art, including misrepresenting the nature of prior art such as described above which anticipates and/or renders obvious the claimed subject matter, which misrepresentations were relied on by the examiner in improperly allowing issuance of the '408 patent, as intended by patentee and/or patentee's representative.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY

Defendant, Counter-Plaintiff Thomas Davidson, pleads the following counterclaim against Plaintiffs, Counter-Defendants COE and FastTrack.

1.      This Court has subject matter jurisdiction over Counter-Plaintiff Davidson's counterclaims under 28 U.S.C. §§ 1338(a) and 1367 and FED. R. Civ. P. 13. Counter-Defendants COE and FastTrack have, each of them, submitted to the jurisdiction of the Court.

2.      The '408 patent, on information and belief, is invalid and unenforceable because the claimed invention was anticipated and/or would have been obvious to one skilled in the art at the time the claimed invention was made.

3.      The '408 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office in that during prosecution of the application from which the '408 patent issued patentee or patentee's representative intentionally misrepresented to the patent examiner that no new matter was added while submitting amendments to the claims, while new matter with respect to the critical limitation that the claimed method must be practiced in a single "session" was in fact added, and which misrepresentations were relied on, as intended by patentee and/or patentee's representative, by the examiner in improperly allowing the issuance of the '408 patent.

4.      The '408 patent is invalid and unenforceable under 35 U.S.C. §§ 102, 112 and 132(a) because new matter was introduced into the claims by patentee and/or patentee's representative by amendment during prosecution of the application for the '408 patent.

5.      The '408 patent is invalid and unenforceable for indefiniteness under 35 U.S.C. § 112, as the specification of the '408 patent lacks support for terms, features and essential limitations added by amendment to claimed subject matter during prosecution of the '408 patent application.

6.      On information and belief, the '408 patent is invalid and unenforceable for lack of disclosure of best mode.

7.      The '408 patent is invalid and unenforceable for lack of written description with respect to terms, features and essential limitations added by amendment to claimed subject matter during prosecution of the '408 patent application.

8.      The '408 patent is invalid and unenforceable because the patent does not particularly point out and distinctly claim the improvement, method, steps, or combination which the patentee claims as his invention.

9.      On information and belief, the '408 patent is invalid and unenforceable because one or more inventors have been omitted, inclusive of defendant Thomas Davidson.

10.     The '408 patent, on information and belief, is invalid and unenforceable because more than one year prior to the filing of the original application, the alleged invention was patented or described in one or more printed publications in this or in foreign countries, or was in public use or on sale in this country.

11.     On information and belief, the '408 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office in that patentee and/or patentee's representative intentionally and knowingly withheld from the patent examiner assigned to examination of the application from which the '408 patent issued material prior art with respect to conventional ocular enhancement methodology and related batting practices, some employing pitching machines, wherein a number of balls or objects are pitched or projected toward a batter at a first velocity, followed by a number of objects or balls pitched or projected at a second increased velocity and/or then followed by a number of objects or balls pitched or projected at a third decreased velocity, which anticipates or renders obvious the subject matter claimed in the '408 patent, and which intentional omission was relied on by the examiner, as intended by patentee and/or patentee's representative, in improperly allowing issuance of the '408 patent,

and/or patentee and/or patentee's representative intentionally misrepresented to the examiner during prosecution of the '408 patent application the true state of the prior art, including misrepresenting the nature of prior art such as described above which anticipates and/or renders obvious the claimed subject matter, which misrepresentations were relied on by the examiner in improperly allowing issuance of the '408 patent, as intended by patentee and/or patentee's representative.

12.     A justiciable substantial controversy exists between Mr. Davidson on the one hand, and plaintiffs on the other hand, over whether the patent in suit is invalid.

13.     The parties have existing and genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

14.     This proceeding is genuinely adversarial in character between the parties.

15.     A declaration by the Court would terminate the controversy between the parties.

16.     The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations among them.

17.     This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18.     This Court has the power to declare the rights, status and other legal relations between the parties pursuant to 28 U.S.C. § 2201, et seq.

**WHEREFORE**, Defendant, Counter-Plaintiff Thomas Davidson respectfully requests that the Court:

A.     Enter judgment dismissing the Complaint of Plaintiffs, Counter-Defendants COE and FastTrack;

B.      Enter judgment in favor of Davidson and sustain Davidson's affirmative defenses;

C.      Grant Davidson's attorneys fees; and

D.      Grant Davidson such other and further relief, in law and equity, to which Davidson may show himself to be justly entitled.

## SECOND COUNTERCLAIM

## REQUEST FOR DECLARATORY JUDGMENT RE PATENT INVENTORSHIP

Defendant, Declaratory Judgment Plaintiff Thomas Davidson incorporates paragraphs 1-18 from the first counterclaim as if fully stated herein.

19.     Defendant, Declaratory Judgment Plaintiff Thomas Davidson, on information and belief, has conceived and/or contributed to the inventive subject matter recited in one or more claims of the '408 patent, and is therefore an inventor and co-owner of the '408 patent.

20.     By way of this lawsuit a dispute has arisen as to the correct inventorship and thus ownership of the '408 patent, and the lack of infringement thereof, under 35 U.S.C. § 256, and this is a dispute concerning inventorship and patent ownership rights under a specific federal statute.

21.     A justiciable substantial controversy exists between Mr. Davidson on the one hand, and plaintiffs on the other hand, over whether Mr. Davidson should be named as the inventor or co-inventor of the '408 patent pursuant to 35 U.S.C § 256.

22.     The parties have existing and genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

23.     This proceeding is genuinely adversary in character between the parties.

24.     A declaration by the Court would terminate the controversy between the parties.

25.    The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations among them.

26.    This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27.    This Court has the power to declare the rights, status and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq.*

**WHEREFORE,** Declaratory Judgment Plaintiff Davidson respectfully requests that this Court enter an order as follows:

A.    Declaring Davidson a co-inventor, and co-owner, of the '408 patent;

B.    Directing the United States Patent and Trademark Office to correct inventorship of the '408 patent by adding omitted inventor Davidson as a named inventor to the '408 patent;

C.    Awarding Davidson his fees and costs; and

D.    Providing for such other and further relief as is deemed to be just and proper.

### THIRD COUNTERCLAIM
### TRADE LIBEL, DISPARAGEMENT,
### BASELESS INFRINGEMENT ASSERTIONS, AND
### UNFAIR COMPETITION – LANHAM ACT VIOLATIONS

Defendant, Counter-Plaintiff Thomas Davidson, incorporates paragraphs 1-27 from the First and Second Counterclaims as if fully stated herein.

28.    Plaintiffs have made non-privileged false and misleading statements of fact by way of letters from plaintiffs' attorney, Matthew Miller, to customers or prospective customers of defendant Davidson, inclusive of letters to the Baseball Club of Seattle, LP (Seattle Mariners, Major League Baseball team) and the Seattle Mariners with respect to Davidson's goods and services, which contain purposely false and/or grossly incorrect statements relating to

exaggerated and incorrect claim coverage of the '408 patent and which also contain purposely false and grossly inaccurate statements constituting objectively baseless threats of infringement, made in bad faith with malice, stating that defendant Davidson needs a license to practice enhanced ocular training activities not covered by the '408 patent claims (Exhibits 1-7); that such statements were made in bad faith with knowledge that Davidson's activities with respect to enhanced ocular training are not covered by the '408 patent claims, or plaintiffs should have known that Davidson's activities are not covered or that such statements were made with a reckless disregard of Davidson's rights and of the consequences that may result to him; that plaintiffs' willful false statements have actually deceived or are likely to deceive a substantial segment, or all, of the intended audience, that being customers and prospective customers of Davidson, by causing confusion in the marketplace as to subject matter covered by the claims of the '408 patent; that plaintiffs' deceptive statements are material in that such are likely to, or have, caused confusion, or mistake, or are likely to deceive, or have deceived, others in the marketplace with respect to Davidson's commercial activities, or have negatively influenced purchasing and related business decisions of Davidson's customers and prospective customers as intended by plaintiffs in that Davidson's business is essentially destroyed; that plaintiffs have caused their deceptive statements to enter interstate commerce by way of the aforesaid letters containing said deceptive statements; and that plaintiffs' deceptive statements aforesaid made in bad faith have resulted in actual or probative injury to defendant Davidson.

29.     Plaintiffs' acts and activities aforesaid are in violation of 15 U.S.C. §1125(a) (§43(a) of the Lanham Act).

**WHEREFORE,** Defendant, Counter-Plaintiff Thomas Davidson respectfully requests that this Court:

A.      Enter Judgment against plaintiffs, Counter-Defendants COE and FastTrack, by way of their deceptive acts and practices aforesaid constituting unfair competition under 15 U.S.C. §1125(a);

B.      Enter Judgment in favor of Davidson and award Davidson damages in an amount yet to be determined;

C.      Grant Davidson attorneys fees;

D.      Grant Davidson such other and further relief, in law and in equity, to which Davidson may show himself to be justly entitled, inclusive of enhanced damages as permitted by law.

**FOURTH COUNTERCLAIM**
**VIOLATION OF THE ILLINOIS UNIFORM**
**DECEPTIVE TRADE PRACTICES ACT**

Defendant, Counter-Plaintiff Thomas Davidson, incorporates paragraphs 1-29 from the First and Second and Third Counterclaims as if fully stated herein.

30.      Plaintiffs' deceptive acts and practices complained of herein, inclusive of willfully and intentionally false and disparaging comments made by competitor plaintiffs, in bad faith, constitute the disparagement of goods, services or business of defendant Davidson by false or misleading representations of fact, or other conduct which similarly creates a likelihood of confusion or misunderstanding, with respect to Davidson's vocation, occupation and business interests and thereby constitutes a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§510/1 et seq., and which has resulted in damages, or the likelihood of damages, inclusive of economic harm, to Davidson.

**WHEREFORE,** Defendant, Counter-Plaintiff Thomas Davidson respectfully requests that this Court:

A.      Enter Judgment against plaintiffs, Counter-Defendants COE and FastTrack, for their activities constituting unfair competition under 85 ILCS §§510/1 et. seq.;

B.      Enter Judgment in favor of Davidson and award Davidson damages in an amount yet to be determined;

C.      Grant Davidson attorneys fees;

D.      Grant Davidson such other and further relief, in law and in equity, to which Davidson may show himself to be justly entitled, inclusive of enhanced damages as permitted by law.

**FIFTH COUNTERCLAIM**
**VIOLATION OF THE ILLINOIS CONSUMER**
**FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

Defendant, Counter-Plaintiff Thomas Davidson, incorporates paragraphs 1-30 from the First, Second, Third and Fourth Counterclaims as if fully stated herein.

31.     Plaintiffs' acts and activities complained of herein constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§505/1 et seq. by way of a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§510/2.

32.     Plaintiffs' acts and activities constituting unfair methods of competition and unfair and deceptive acts and practices have been made with malice, in bad faith, willfully and with the intent that others, including customers and prospective customers of Davidson, rely on said unfair methods of competition, unfair and deceptive acts and practices to the detriment of defendant Davidson's business prospects; that Plaintiffs' deceptive acts and practices have occurred in the course of trade or intrastate and interstate commerce; that Davidson has suffered actual damage proximately caused by plaintiffs' deceptive acts and practices, or is likely to suffer damage proximately caused by plaintiffs' deceptive acts and practices.

**WHEREFORE,** Defendant, Counter-Plaintiff Thomas Davidson respectfully requests that this Court:

A.　　　Enter Judgment against plaintiffs, Counter-Defendants COE and FastTrack, for their activities constituting unfair competition under 815 ILCS §§505/1 et seq.;

B.　　　Enter Judgment in favor of Davidson and award Davidson damages in an amount yet to be determined;

C.　　　Grant Davidson attorneys fees;

D.　　　Grant Davidson such other and further relief, in law and in equity, to which Davidson may show himself to be justly entitled, inclusive of enhanced damages as permitted by law.

**SIXTH COUNTERCLAIM**
**TORTIOUS INTERFERENCE WITH PRESENT**
**AND PROSPECTIVE ECONOMIC ADVANTAGE**

Defendant, Counter-Plaintiff Thomas Davidson, incorporates paragraphs 1-32 from the First, Second, Third, Fourth and Fifth Counterclaims as if fully stated herein.

33.　　　Plaintiffs' deceptive acts and practices complained of herein constitute tortious interference with defendant Davidson's present and prospective economic advantage, in that Davidson had a reasonable expectation of continuing valid business relationships and/or entering into valid business relationships with customers and prospective customers targeted and/or contacted by Plaintiffs by way of said deceptive acts and practices complained of herein, as Davidson had been training the Seattle Mariners and other professional and non-professional baseball players for years prior to plaintiffs' deceptive acts and practices, and had developed a widespread reputation for his training efficacy in ocular enhancement and ball hitting abilities; that plaintiffs knew of the aforesaid expectancy of defendant Davidson and particularly his

aforesaid outstanding interstate reputation among non-professional, professional and collegiate baseball programs alike; that the plaintiffs intentionally and unjustifiedly interfered to prevent Davidson's aforesaid expectancy from being fulfilled by way of said deceptive acts and practices; and that Davidson has suffered damages resulting from plaintiffs' interference.

**WHEREFORE,** Defendant, Counter-Plaintiff Thomas Davidson, respectfully requests that this Court:

A.      Enter Judgment against plaintiffs, Counter-Defendants COE and FastTrack for their activities constituting tortious interference with Davidson's present and prospective economic advantage;

B.      Enter Judgment in favor of Davidson and award Davidson damages in an amount yet to be determined;

C.      Grant Davidson attorneys fees;


D.      Grant Davidson such other and further relief, in law and in equity, to which Davidson may show himself to be justly entitled, inclusive of enhanced damages as permitted by law.

**SEVENTH COUNTERCLAIM**
**ILLINOIS TRADE LIBEL**

Defendant, Counter-Plaintiff, Thomas Davidson, incorporates paragraphs 1-33 from the First, Second, Third, Fourth and Fifth Counterclaims as if fully stated herein.

34.      Plaintiffs' intentional deceptive acts and practices complained of herein and made with malice, in bad faith and with reckless disregard of Davidson's rights and the consequences that may result to him, constitute trade libel under Illinois state law and libel per se, in that said unprivileged deceptive acts and practices of plaintiffs' forwarding knowingly false statements as

to patent infringement and license requirements with respect to Davidson intrastate and interstate to customers and prospective customers of Davidson directly attacking and maligning Davidson's hard won and long established business reputation, and which intentionally mischaracterize and malign the nature of Davidson's business activities and methods, have resulted in intentional damage suffered by Davidson's integrity, reputation and business interests, and other economic damage.

35.    Plaintiffs knew or should have known the false and deceptive nature of their libelous statements aforesaid, but proceeded with reckless disregard to Davidson's rights in not conducting a proper investigation into the truth of their statements concerning Davidson's activities.

**WHEREFORE,** Defendant, Counter-Plaintiff Thomas Davidson respectfully requests that this Court:

A.    Enter Judgment against plaintiffs, Counter-Defendants COE and FastTrack, for their activities constituting Illinois trade libel;

B.    Enter Judgment in favor of Davidson and award Davidson damages in an amount yet to be determined;

C.    Grant Davidson attorneys fees;

D.    Grant Davidson such other and further relief, in law and in equity, to which Davidson may show himself to be justly entitled, inclusive of enhanced damages as permitted by law.

DATED this 30th day of November, 2005.

Respectfully Submitted,

**DEFENDANT,
THOMAS DAVIDSON**

By: /s John P. Luther
John P. Luther
31445
Russell Genet
6255982
Jenkens & Gilchrist
225 West Washington Street, Suite 2600
Chicago, Illinois 60606-3418
Telephone: 312-425-3900
Facsimile: 312-425-3909